## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FEDERATED SERVICE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 5:25-cv-00783 |
| ORRKLAHOMA WEST, LLC, d/b/a ORR NISSAN WEST, ERIN CANTRELL ERIC CANTRELL, and TYLER CALDWELL | ) ) ) ) | |
| Defendants, | ) ) | |

### AMENDED[1] COMPLAINT FOR DECLARATORY RELIEF

NOW COMES Plaintiff, Federated Services Insurance Company ("Federated"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, and for its Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201(a), states as follows:

### Nature of Action

1.    This is a declaratory judgment action seeking a determination of rights and obligations under a policy of insurance concerning two personal injury cases pending in the District Court of Oklahoma County, respectively captioned *Cantrell v. Orrklahoma West LLC et al.*, case number CJ-2022-199 (the "Cantrell Case"), and *Caldwell v. Avila et al.*, case number CJ-2022-4146 (the "Caldwell Case") (collectively, the "Underlying Cases").

---

[1] Pursuant to Fed.R.Civ.P 15(a)(1) Plaintiffs files this Amended Complaint as a matter of right.

**Jurisdiction and Venue**

2.      Plaintiff Federated is a Minnesota corporation with its principal place of business in the State of Minnesota. At all times relevant it was licensed to and did conduct business as an insurance company in the State of Oklahoma.

3.      At all relevant times, Defendant Erin Cantrell was a citizen of the State of Oklahoma and a resident of Oklahoma County. Erin Cantrell is named as a defendant in the Underlying Cases.

4.      Defendant Orrklahoma West, LLC d/b/a Orr Nissan West ("Orr") is a domestic limited liability company organized under the laws of the State of Oklahoma, and a defendant in the Cantrell Case. Orr is the named insured under a policy of insurance issued by Federated to OAG, Inc. as the named insured. Orr is named in the instant action as an interested party.

5.      Defendant Eric Cantrell is a citizen of the State of Oklahoma and a resident of Oklahoma County and is the plaintiff in the Cantrell Case. Eric Cantrell is named in the instant action as an interested party.

6.      Defendant Tyler Caldwell ("Caldwell") is a citizen of the State of Oklahoma and a resident of Oklahoma County, and the plaintiff in the Caldwell Case. Caldwell is named in the instant action as an interested party.

7.      Venue is proper in the United States District Court for the Western District of Oklahoma because the events that gave rise to the claims at issue occurred in Oklahoma County, Oklahoma and the litigation of the Underlying Cases are being adjudicated by the Oklahoma State District Court of Oklahoma County.

8.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds $75,000.00.

2

## **Background**

9.      On or about February 14, 2021, Erin Cantrell was driving a Nissan Titan truck owned by Orr.

10.     On information and belief, the truck was provided to Erin Cantrell by an employee of Orr.

11.     Erin Cantrell was driving the Nissan Titan with three minors in the vehicle, her children with Eric Cantrell.

12.     Erin Cantrell was driving the Nissan Titan for the purposes of transporting her three children for personal reasons unrelated to her employment with Orr.

13.     On or about February 14, 2021, Erin Cantrell was involved in a multi-vehicle collision while driving the Nissan Titan, resulting in injuries to the three minors (the "Incident").

14.     On January 13, 2022, Eric Cantrell filed the Cantrell Case as parent and next friend of the injured minors against, *inter alia*, Erin Cantrell and Orr. A true and correct copy of Eric Cantrell's petition in the Cantrell Case is attached hereto as **Exhibit 1**.

15.     Eric Cantrell directs a count of negligence against Erin Cantrell alleging that she did not safely operate the Nissan Titan.

16.     In the Cantrell Case, Eric Cantrell alleges that Erin Cantrell had previously "wrecked" company vehicles owned by Orr.

17.     Federated retained counsel to defend Erin Cantrell in the Cantrell Case.

18.     Erin Cantrell has repeatedly failed to cooperate with retained counsel.

19.     Two separate attorneys have withdrawn from representing Erin Cantrell in the Cantrell Case due to her lack of cooperation.

20.     Erin Cantrell's failure to cooperate with provided counsel has hindered her defense and prejudiced Federated's interests.

21.     On August 25, 2022, Caldwell filed the Caldwell Case against, *inter alia*, Erin Cantrell. A true and correct copy of Caldwell's petition in Caldwell Case is attached hereto as **Exhibit 2**.

22.     While Caldwell makes no explicit allegations regarding Erin Cantrell in the Caldwell Case, Caldwell seeks to recover for injuries sustained in the February 14, 2021 multi-vehicle collision in which Erin Cantrell was involved while driving the Nissan Titan owned by Orr.

## The Policies

23.     Federated issued an auto dealers insurance policy to OAG, Inc. as Named Insured, policy number is 6097198 with effective dates of coverage of 11/1/2020 to 11/1/2021, and a $500,000.00 per occurrence limit (the "Auto Policy"). A true and correct copy of the Auto Policy is attached hereto as **Exhibit 3**.

24.     The Auto Dealers Coverage Form of the Auto Policy contains the following relevant provisions:

### D. Covered Autos Liability Coverage

#### 1. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

#### 2. Whose is An Insured

The following are "insureds" for covered "autos":
a.   You for any covered "auto".

4

> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow…

25.    The Auto Policy also contains the following relevant conditions:

**Section IV - Conditions**

> 2. Duties in the Event of Accident, Claim, Offense, Suit, Loss or Acts, Errors or Omissions
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> b. Additionally, you and any other involved "insured" must:
>
> > (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

26.    Federated also issued a Commercial Umbrella Liability Policy to OAG, Inc. as Named Insured, policy number is 6097199 with effective dates of coverage of 11/1/2020 to 11/1/2021, and a $10,000,000.00 per occurrence limit (the "Umbrella Policy"). A true and correct copy of the Umbrella Policy is attached hereto as **Exhibit 4**.

27.    The Umbrella Policy contains the following relevant provisions:

**SECTION I. COVERAGES**

**A. EXCESS LIABILITY COVERAGES**

> We will pay on behalf of the insured those sums the insured becomes legally obligated to pay as damages that are in excess of the applicable limits of "underlying insurance" because of "bodily injury", "property damage" or "personal and advertising injury":
>
> **1.** That occurs during the policy period . . .
>
> **2.** That is covered by "underlying insurance".

**SECTION IV. WHO IS AN INSURED[2]**

> **A.** With respect to A. EXCSES LIABILITY COVERAGES, refer to the applicable "underlying insurance" to determine who is an insured. However:

---

[2] As modified by a Personal Use of Company Owned Auto, Self-Propelled Machine or Watercraft – Designated Individuals endorsement.

1. with respect to the ownership, maintenance, use, loading or unloading of an auto, self-propelled machine or watercraft, the following are not insureds even if covered by the "underlying insurance":

   a. Any employee of yours not acting within the scope of their employment or any other person using an auto, self-propelled machine or watercraft which you entrusted to that employee. However, this exclusion does not apply to:

      (1) Any individual named in this endorsement, or his or her spouse who is a resident of the same household, or his or her family member for whom coverage is provided in the underlying Drive Other Car Coverage endorsement . . .

      **NAME OF INDIVIDUAL**

      KEITH ORR

      MAURICE ORR

## SECTION VI. DEFINITIONS

**J.**    "Underlying insurance" means policies of insurance listed in the Schedule of Underlying Insurance Policies in the Declarations.

The schedule of Underlying Insurance Policies listed in the Umbrella Policy's declarations identifies the Auto Policy as "underlying insurance".

## SECTION VII. CONDITIONS

**F. Duties In The Event Of Occurrence, Claim Or Suit**

**3.**  You and any other involved insured must:

   c.  cooperate with us in the investigation, settlement or defense of the claim or suit[.]

**COUNT I**
**(Auto-Policy: Non- Permissive User)**

28.    Federated incorporates its allegations in Paragraphs 1 through 31 as if fully set forth herein.

29.    The Auto Policy only extends coverage to the named insured and "[a]nyone else while using with your permission a covered 'auto'" owned by the named insured.

6

30.    On information and belief, the employee of Orr who provided the Nissan Titan to Erin Cantrell was not authorized to let her operate any vehicle owned by Orr.

31.    On information and belief, Erin Cantrell knew or had cause to know that the employee who provided her the Nissan Titan was not authorized to do so.

32.    On information and belief, Erin Cantrell was aware that she was not permitted to operate vehicles owned by Orr.

33.    Accordingly, Erin Cantrell was not a permissive user of the Nissan Titan owned by Orr and is not entitled to coverage or a defense under the Auto Policy.

34.    Disposition of coverage under the Auto Policy is appropriate in the instant declaratory judgment action because it does not require the resolution of an ultimate fact that is crucial to the claims at issue in the Underlying Case.

**COUNT II**
**(Umbrella Policy: No Insured Status)**

35.    Federated incorporates its allegations in Paragraphs 1 through 38 as if fully set forth herein.

36.    The Umbrella Policy excludes coverage for any employee of the insureds not acting within the scope of their employment.

37.    Erin Cantrell was an employee of Orr.

38.    At the time of the Incident, Erin Cantrell was not using the Nissan Titan owned by Orr within the scope of her employment with Orr.

39.    Accordingly, Erin Cantrell was not an insured under the Umbrella Policy.

40.    Disposition of coverage under the Umbrella Policy is appropriate in the instant declaratory judgment action because it does not require the resolution of an ultimate fact that is crucial to the claims at issue in the Underlying Case.

## COUNT III
### (In the Alternative – Auto Policy and Umbrella Policy: Breach of Duty to Cooperate)

41.     Federated incorporates its allegations in Paragraphs 1 through 44 as if fully set forth herein.

42.     The Auto Policy states that potential coverage is conditioned on full compliance by any insureds to cooperate in their defense.

43.     The Umbrella Policy also contains a provision which imposes a duty on all insureds to cooperate in their defense.

44.     Erin Cantrell was not a permissive user of the Nissan Titan and is not an insured under the Auto Policy.

45.     Erin Cantrell was not engaged in the scope of her employment at the time of the Incident, and is therefore not an insured under the Umbrella Policy.

46.     Federated asserts in the alternative, however, that if Erin Cantrell were considered an insured under the Auto Policy or Umbrella Policy, *arguendo*, she is in breach of her duty to cooperate in her defense.

47.     Erin Cantrell's lack of cooperation has twice resulted in law firms retained for her defense withdrawing as counsel in the Cantrell Case.

48.     Erin Cantrell's failure to cooperate with defense counsel has and will continue to prejudice Federated's interests.

WHEREFORE, Federated Services Insurance Company requests this Honorable Court enter an order declaring that: (1) Erin Cantrell is not an insured under the Auto Policy and that Federated has no obligation to defend or indemnify her against the claims in the Underlying Cases; (2) Erin Cantrell is not an insured under the Umbrella Policy and that Federated has no obligation to defend or indemnify her against the claims in the Underlying Cases; (3) alternatively,

Erin Cantrell is in breach of her duty to cooperate in her defense and therefore Federated has no obligation to defend or indemnify her against the claims in the Underlying Cases; and, for any additional relief this Court deems equitable and just.

Dated: August 25, 2025                                    Respectfully submitted,

                                         **FEDERATED SERVICES
                                         INSURANCE COMPANY**


                                         By:___*/s/ George J. Manos*_____
                                                 George J. Manos
                                                 IL ARDC # 6193694
                                                 Attorney for Plaintiff
                                                 Lewis Brisbois Bisgaard & Smith LLP
                                                 550 W Adams St, Suite 300
                                                 Chicago, IL 60661
                                                 T: 312-463-3345
                                                 F: 312-345-1778
                                                 George.Manos@lewisbrisbois.com